# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ADAM LEE GREENLEE,        )
                           )
         Petitioner,     )
                           )
        v.             )     Case No. 1:20-cv-326-SPB-RAL
                           )
MARK CAPOZZA, et al.,     )
                           )
        Respondents.   )

## MEMORANDUM ORDER

Petitioner Adam Lee Greenlee ("Greenlee") has filed a petition in this case seeking relief under 28 U.S.C. §2254. ECF No. 3. The matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo for a report and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72. After the Respondents filed their answer, Greenlee filed a reply and then supplemented his reply with additional information. ECF Nos. 8, 12, 15, 16.

On April 6, 2022, Judge Lanzillo entered an order directing the parties to show cause why the instant §2254 petition should not be dismissed as untimely.[1] ECF No. 17. Both parties filed responses to the Chief Magistrate Judge's order. ECF Nos. 18 and 19.

On July 11, 2022, Judge Lanzillo issued his Report and Recommendation ("R&R") in which he opined that the petition should be denied as untimely and that no certificate of appealability should issue. ECF No. 21. Petitioner filed initial objections to the R&R and then, with leave of Court, filed amended objections with the understanding that the amended

---

[1] "[D]istrict courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Galloway v. Superintendent Houtszdale SCI*, C.A. No. 18-2610, 2019 WL 13219424, *1 (3d Cir. Jan. 9, 2019) (citing *Day*).

objections superseded his original arguments and rendered them moot.  ECF Nos. 23, 26, 28.

The Court has also granted Plaintiff's motions to expand the record for purposes of its review.

ECF Nos. 24, 25, 26, 27, 30.  For the reasons set forth below, Plaintiff's amended objections are

overruled.

>Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"),

>**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>>**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>>**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>>**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>>**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d).

In this case, Judge Lanzillo determined that Greenlee's one-year period for filing his

§2254 petition commenced on or about May 14, 2018, when his judgment of sentence became

final by the conclusion of direct review or the expiration of the time for seeking such review.  28

U.S.C. §2244(d)(1)(A).  Judge Lanzillo also determined that Greenlee's one-year filing period

was tolled from February 25, 2019 to June 26, 2020, when Greenlee's "properly filed" post-

conviction proceedings were pending in Pennsylvania state court.  28 U.S.C. §2244(d)(2).

Because 287 days had expired by the time Greenlee filed his petition under the Pennsylvania

Post-Conviction Relief Act, Judge Lanzillo concluded that Greenlee had only 78 days within

which to commence these proceedings, following the disposition of his PCRA petition on June

26, 2020.  By that calculation, Greenlee would have needed to file the within §2254 petition no

later than September 12, 2020.

Based on the prisoner mailbox rule, Judge Lanzillo deemed the instant §2254 petition

"filed" as of November 6, 2020, the date on which it was signed (and presumably placed into the

mail) by Greenlee.  Judge Lanzillo calculated that this was 133 days after the conclusion of the

PCRA proceedings and, therefore, outside the limitations period.

Judge Lanzillo next considered whether the limitations period in this case was equitably

tolled.  Under the law of this circuit, equitable tolling is applied only "sparing" in the "rare

situation" where "demanded by sound legal principles as well as the interests of justice," *LaCava

v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005).  Courts must decide whether to equitably toll

§2244(d) on a "'case-by-case basis.'" *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012)

(quoting *Holland v. Florida*, 560 U.S. 631, 649-50 (2010)).

To establish a basis for equitable tolling, a petitioner must show "'(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

prevented timely filing." *Martin v. Adm'r New Jersey State Prison*, 23 F.4th 261, 273 (3d Cir.),

*cert. denied sub nom. Martin v. Johnson*, 143 S. Ct. 257 (2022).

"To satisfy the diligence prong, a petitioner must demonstrate that he has been pursuing

his rights with 'reasonable diligence in the circumstances.'" *Martin*, 23 F.4th at 273 (quoting

*Wilson v. Beard*, 426 F.3d 653, 660 (3d Cir. 2005)).  This is necessarily a fact-specific inquiry,

which depends on the particular circumstances faced by the petitioner. *Id.*  Although a petitioner

need not have acted with "maximum feasible diligence," or engaged in "Herculean efforts," he

3

also cannot have been "sleeping on his rights." *Id.* (internal quotation marks and citations omitted). Mere ignorance of the law and/or a lack of legal training is not sufficient to warrant equitable tolling. *Id.* (holding that petitioner did not diligently pursue his rights when, despite his unanswered calls and bi-annual letters to his attorney, the petitioner waited nearly nine months to inquire into the status of an appeal that his counsel had "solemnly" sworn to initiate).

Extraordinary circumstances may be found where: (1) the petitioner has been actively misled by respondent; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir.1999)). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

Here, Greenlee's equitable tolling argument is based on his PCRA attorney's alleged "unresponsiveness and neglect of [his] case." *See* ECF No. 21 at 6 (citing ECF No. 19 at 5). Specifically, Greenlee claims that he relied on his PCRA attorney, William Hathaway, Esq., to inform him as to the outcome of his PCRA proceeding, but Mr. Hathaway failed to do so. In support of his position, Greenlee submitted a letter from Mr. Hathaway, dated February 11, 2021, wherein Mr. Hathaway states that he had just learned that same day of the Superior Court's decision in the PCRA case and had not received a copy of the decision when it was issued.

Judge Lanzillo concluded that the state of the record did not support equitable tolling in this case. He first noted that Greenlee failed to submit any evidence in support of his claim that he acted with reasonable diligence in pursuing his rights. Judge Lanzillo noted that the record was devoid of any evidence -- such as letters to counsel or inquiries to the state courts -- that

would show Greenly actively sought to monitor the status of his PCRA appeal prior to the [unidentified] date when he finally learned about the Superior Court's ruling. ECF No. 21 at 7.

Judge Lanzillo next concluded that Greenlee had failed to demonstrate that exceptional circumstances had barred him from filing a timely petition. While recognizing that an attorney's "affirmative misrepresentation to his client" might create "a situation appropriate for tolling," ECF No. 21 at 8 (citing *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999), Judge Lanzillo found no evidence of that type of malfeasance in this case. *Id.*

In his objections, Greenlee has attempted to remedy the deficiencies in the record as it relates to his argument for equitable tolling. To that end, the Court granted his motions to expand the record. ECF Nos. 26 and 30.

On the issue of whether he was reasonably diligent in pursuing his rights, Greenlee has offered some evidence suggesting that he wrote to his counsel on at least six occasions -- including five times after the date when his PCRA appeal was denied and before the statute of limitations for his §2254 petition expired. Greenlee has also provided evidence that he wrote to the Crawford County Court of Common Pleas on September 23, 2020, shortly after the statute of limitations had passed, to inquire about his case. Only the purported mailing slips have been provided by Greenlee -- not the substance of his correspondence.

Still, even assuming that Greenlee can show he pursued his rights diligently, that is insufficient to save his claims. As Judge Lanzillo noted, the two-factor "conjunctive" standard requires that Greenlee show both diligence and exceptional circumstances in order for equitable tolling to be applied. ECF No. 21 at 6. *See Sistruk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) ("This conjunctive standard requires showing *both* elements before we will permit tolling.").

As to the second factor, Judge Lanzillo accurately observed that

> [e]ven if Petitioner could establish that he acted with reasonable diligence, he has failed to demonstrate that exceptional circumstances barred him from filing a timely petition. Although he contends that his attorney behaved unprofessionally by failing to inform him of the unsuccessful PCRA appeal until February 11, 2021, it is well-settled that, "in a non-capital case such as [Petitioner's], attorney error is not a sufficient basis for equitable tolling of AEDPA's one-year statute of limitations." *Schlueter v. Varner,* 384 F.3d 69, 76 (3d Cir. 2004). *See also LaCava,* 398 F.3d at 278 (noting that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling" in non-capital cases). While courts have acknowledged that "an attorney's affirmative misrepresentation to his client" might create "a situation appropriate for tolling," there is no evidence that this type of malfeasance occurred here. *Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 239 (3d Cir. 1999). The only potential allegation of affirmative misconduct presented in Petitioner's brief is his contention that counsel misled him by promising to "look into" what could be done to reinstate his appellate rights after the adverse PCRA decision. ECF No. 19 at 5. This statement, even if characterized as a misrepresentation, does not fall within the scope of "exceptional" attorney misconduct identified by the Court of Appeals. See *Schlueter,* 384 F.3d at 76 (noting that exceptional circumstances are presented only when a plaintiff "is misled by what the attorney said he had <u>done</u>, not by what he said he <u>would do</u>.") (emphasis added); *Seitzinger,* 165 F.3d at 236 (applying equitable tolling where counsel affirmatively lied to the plaintiff by stating that he had filed an appeal that he had not actually filed). More critically, Petitioner concedes that he received that letter "well after [he] learn[ed] via law library at SCI-Fayette that his appeal had been dismissed ...." ECF No. 19 at 5. Indeed, Petitioner filed his habeas petition in this Court several months prior to receiving counsel's letter, identifying the unsuccessful PCRA appeal and attaching a copy of the Superior Court's decision. ECF No. 3 at 3; ECF No. 3-1 at 14-16. Needless to say, Petitioner was not actively dissuaded from filing a timely federal habeas petition by a statement that his attorney made three months after he had already filed that petition.

ECF No. 21 at 8-9.

Upon *de novo* review of this case, the Court finds itself in agreement with Judge Lanzillo's analysis, particularly as it relates to the absence of "exceptional circumstances." Here, Greenlee's PCRA counsel filed his appellate brief in December 2019 and the Commonwealth

responded in January 2020;[2] yet Greenlee's attorney apparently never confirmed whether or not the Superior Court had issued a ruling in the matter until more than a year later, despite thinking that it was "unusual" not to have received a decision. ECF No. 19-1.  Though Mr. Hathaway arguably should have conducted a more diligent investigation into the status of the PCRA appeal -- or at least communicated with his client more promptly -- this is not the type of error that generally warrants application of equitable tolling.  *See LaCava*, 398 F.3d at 278 ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling" in non-capital cases).

Greenlee points to the unusual circumstances presented by the Covid-19 pandemic but, notably, he fails to explain how the pandemic materially hindered either himself or his counsel from investigating the status of his PCRA proceedings or timely filing the instant §2254 petition. "[F]or a petitioner to obtain relief, there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).  In the COVID-19 context, "a petitioner must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion." *United States v. Henry*, Civil No. 2:20-cv-01821, 2020 WL 7332657, at *4, *certificate of appealability denied*, No. 21-1285, 2021 WL 3669374 (3d Cir. June 3, 2021) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Sheppard v. Gramp*, No. CV 21-2631 (RMB), 2023 WL 7490009, at *5 (D.N.J. Nov. 9, 2023) (declining to

---

[2] *See* ECF No. 8-7 and ECF No. 8-8, and the Pennsylvania Superior Court's docket, Case No. 1411 WDA 2019, available on the Unified Judicial System of Pennsylvania Web Portal at https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=1411%20WDA%202019& dnh=Ub%2Fq2k6JCCGQkGDGPL9sLg%3D%3D (last visited Mar. 1, 2024).  This Court can take judicial notice of the state appellate court docket, as it is a public record.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *Harrison-El v. 1 John Doe Officer*, No. 23-CV-4364, 2024 WL 710880, at *1 n.3 (E.D. Pa. Feb. 21, 2024).

apply equitable tolling where "COVID-19 restrictions clearly did not cause the delay in Petitioner filing his habeas petition; the delay was caused by an oversight by the Public Defender's Office and Petitioner's lack of diligence"), *reconsideration denied*, No. CV 21-2631 (RMB), 2024 WL 340832 (D.N.J. Jan. 30, 2024).  In this case, there is nothing to suggest that the pandemic prevented either Greenlee or his attorney from more diligently pursuing his federal habeas claims.  On the contrary, Greenlee was apparently able to reach out repeatedly to his attorney and to the state court, and it appears that the delay in this case was the result of oversight rather than covid-related restrictions.

Greenlee's only other noteworthy argument involves his claim that the Pennsylvania Superior Court actually denied his PCRA appeal on *July 8, 2020*, rather than on May 27, 2020. His premise as to the timing of the Superior Court's decision is inaccurate; it is based on the Court of Common Pleas docket sheet, which indicates that the appeal was remitted and the Superior Court's affirmance was entered on the lower court's docket on July 8, 2020.  ECF No. 27-1 at 1; ECF No. 28 at 22.  However, it is clear from the Superior Court's opinion, and its own docket, that the Superior Court entered its judgment denying Greenlee's PCRA appeal on May 27, 2020.  *See* ECF No. 8-12; *see also* note 2, *supra*.  The latter date is the one that matters, because it triggers the time period within which Greenlee could have sought review by the Pennsylvania Supreme Court.  *See* Pa. R. A. P. 1113(a)("[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court ... sought to be reviewed.").

Regardless, even if the Pennsylvania Superior Court *had* entered its judgment on July 8, 2020, that would not make Greenlee's §2254 petition timely.  In that scenario, the §2254 statute of limitations would have begun running again no later than August 8, 2020, and the remaining

8

78 days for filing would have expired no later than Monday, October 26, 2020. Because Greenlee did not file the instant petition until November 6, 2020, it would still be untimely.

Greenlee's remaining objections primarily address the merits of his §2254 petition, including his claims that he was unlawfully induced to enter a guilty plea and that his trial counsel was ineffective for failing to pursue a diminished capacity defense. However, neither argument advances Greenlee's position with respect to equitable tolling. To the extent Greenlee characterizes his *trial counsel's* actions as "malfeasance," this is not the type of malfeasance that can support his request for equitable tolling, as it obviously had nothing to do with Greenlee's ability to file the instant petition in a timely manner.

Accordingly, after *de novo* review of the petition and documents in the case, including the parties' respective responses to the Chief Magistrate Judge's show cause order, the expanded record, the Report and Recommendation, and Petitioner's objections thereto,

IT IS ORDERED, this 19th day of March, 2024, that the instant petition for a writ of habeas corpus shall be, and hereby is, DISMISSED as untimely.

IT IS FURTHER ORDERED that the Report and Recommendation of Chief Magistrate Judge Lanzillo, issued on July 11, 2022, ECF No. [21], is adopted as the opinion of this Court, to the extent set forth herein.

IT IS FURTHER ORDERED that Petitioner's Amended Objections to the Report and Recommendation, ECF No. [28], are OVERRULED.

Because jurists of reason would not find it debatable that the within petition under 28 U.S.C. §2254 should be dismissed as untimely, IT IS FURTHER ORDERED that no certificate of appealability shall issue in this case.

As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."


*Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge